IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAMIR ARA,

   Plaintiff,

v.

EHRENBERG & EGAN, LLC AN ILLINOIS LIMITED LIABILITY COMPANY and BMO HARRIS BANK, N.A.,

   Defendants.

Case No. 15-cv-2767

Judge: Charles R. Norgle, Sr.

Magistrate Judge: Jeffrey Cole

JURY TRIAL DEMANDED

## EHRENBERG & EGAN, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Ehrenberg & Egan, LLC ("E&E") by and through its counsel, David M. Schultz and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, for its Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

## NATURE OF THE ACTION

1) Plaintiff brings this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act (hereinafter "ICFA").

**ANSWER:** **Defendant admits that Plaintiff brings this action for purported violations of the FDCPA and the ICFA but denies that Plaintiff has any claims herein. Defendant denies any remaining allegations of paragraph 1 of Plaintiff's Complaint.**

## JURISDICTION AND VENUE

2) This action arises under the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d), 28 U.S.C. §§133I, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:** **Defendant does not contest jurisdiction.**

3) Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**ANSWER:** **Defendant admits that venue is appropriate in this District.**

4) Defendants transact business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** **Defendant admits that in certain circumstances and in certain instances, it transacts business in this District. Defendant denies any remaining allegations of paragraph 4 of Plaintiff's Complaint.**

## PARTIES

5) Damir Ara is a natural person residing at 3710 N. Bell Street Apt. 2, Chicago, Illinois 60018.

**ANSWER:** **Defendant admits that Plaintiff is a natural person. Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity as to the remaining allegations of paragraph 5 of Plaintiff's Complaint because Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff currently resides.**

6) Damir Ara is a "consumer" as defined by the FDCPA. 15 U.S.C. §1692(a)(3).

**ANSWER:** **Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity as to whether Plaintiff is a "consumer" as defined under the FDCPA because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect.**

7) At all times relevant to the action, E&E was a law firm with a principal office located in Chicago, Illinois.

**ANSWER:** **Defendant admits the allegations of paragraph 7 of Plaintiff's Complaint.**

8) E&E is in the business of collecting debts in the state of Illinois.

**ANSWER:** Defendant admits that in certain circumstances and in certain instances it collects outstanding financial obligations in the state of Illinois. Defendant denies any remaining allegations of paragraph 8 of Plaintiff's Complaint.

9) E&E is a "debt collector" as defined by §1692 a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant admits that in certain circumstances and in certain instances, it acts as a "debt collector" as defined by the FDCPA, U.S.C. § 1692a(6). Defendant is without knowledge or information sufficient to form a belief as to whether it acted as a debt collector, as defined by the FDCPA, as to Plaintiff because Defendant is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred an outstanding financial obligation. Defendant admits that in certain circumstances and in certain instances, it collects, or attempts to collect, directly or indirectly, accounts that consumers defaulted upon. Defendant admits that in certain circumstances and in certain instances, it uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, accounts that consumers defaulted upon.

10) BMO Harris Bank N.A. is a National Association with its principal place of business in Chicago, Illinois. BMO Harris Bank N.A. is in the business of originating, servicing, and collecting mortgage loans in the state of Illinois.

**ANSWER:** This allegation is not directed at E&E and upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the allegations in paragraph 10 of Plaintiff's Complaint.

## FACTS SUPPORTING CAUSE OF ACTION

11) On or about June 22, 2006, Plaintiff obtained a mortgage loan ("subject debt") from Harris, N.A. to fund the purchase of the property located at 6860 W. Lincoln Avenue, Lincolnwood, Illinois 60712 ("subject property").

**ANSWER:** **Defendant admits the allegations of paragraph 11 of Plaintiff's Complaint.**

12) The subject property is encumbered by a mortgage in favor of BMO.

**ANSWER:** **Defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.**

13) At all times relevant to this action, the subject debt was owned and serviced by BMO. BMO is now known as BMO Harris Bank N.A.

**ANSWER:** **Upon information and belief, Defendant admits the allegations of paragraph 13 of Plaintiff's Complaint.**

14) On or about July 2012, Plaintiff defaulted on the subject debt.

**ANSWER:** **Defendant admits the allegations of paragraph 14 of Plaintiff's Complaint.**

15) On October 23, 2013, Damir Ara filed for relief under Chapter 13 of Title 11 of The United States Code, case number 13-41509, in the Northern District of Illinois.

**ANSWER:** **Defendant admits the allegations of paragraph 15 of Plaintiff's Complaint.**

16) On November 13, 2012, E&E, as counsel for BMO, caused to be filed a foreclosure complaint in the Circuit Court of Cook County, Illinois against Plaintiff to enforce its rights on the defaulted subject loan. See attached Exhibit A, a true and correct copy of the Cook County Court docket.

**ANSWER:** **Defendant admits the allegations of paragraph 16 of Plaintiff's Complaint.**

17) Upon the filing of the Bankruptcy Case, the Automatic Stay pursuant to 11 U.S.0 §362 came into effect as to Damir Ara and the Co-Debtor Stay pursuant to 11 U.S.C. §1301 came into effect. See attached Exhibit B, a true and correct copy of the Notice of Bankruptcy Case Filing.

**ANSWER:** **Upon information and belief, Defendant admits the allegations of paragraph 17 of Plaintiff's Complaint.**

18) BMO was duly scheduled on Schedule D of Damir Ara's bankruptcy petition as a secured creditor arising from the mortgage encumbering the subject property. See attached Exhibit C, a true and correct copy of Schedule D of Damir Ara's bankruptcy petition.

**ANSWER:** **Upon information and belief, Defendant admits the allegations of paragraph 18 of Plaintiff's Complaint.**

19) On October 25, 2013, E&E, on behalf of BMO, filed a Motion for Relief from the Automatic Stay and Co-Debtor Stay. See attached Exhibit D, a true and correct copy of the Motion for Relief from the Automatic Stay without attachments (Notice of Motion and Motion only).

**ANSWER:** **Defendant admits the allegations of paragraph 19 of Plaintiff's Complaint.**

20) On October 27, 2013, and as a direct result of BMO being listed as the creditor for the mortgage, the Bankruptcy Noticing Center ("BNC") served BMO and E&E with the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines at various mailing addresses. See attached Exhibit E, a true and correct copy of the BNC's Certificate of Notice establishing service of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines upon BMO and E&E.

**ANSWER:** **Defendant admits the allegations of paragraph 20 of Plaintiff's Complaint.**

21) On October 23, 2013, Damir Ara filed his Original Chapter 13 Plan with the Bankruptcy Court surrendering the subject property to BMO in full satisfaction of its claims. See attached Exhibit F, a true and correct copy of Plaintiff's Chapter 13 Plan filed with the Bankruptcy Court.

**ANSWER:** **Upon information and belief, Defendant admits the allegations of paragraph 21 of Plaintiff's Complaint.**

22) On October 27, 2014, and as a direct result of BMO and E&E being listed as the creditor for the mortgage, the Bankruptcy Noticing Center ("BNC") served BMO and E&E with the Chapter 13 Plan. See attached Exhibit G, a true and correct copy of the BNC's Certificate of Notice establishing service of Damir Ara's Original Chapter 13 Plan upon BMO and E&E.

**ANSWER:** **Upon information and belief, Defendant admits the allegations of paragraph 22 of Plaintiff's Complaint.**

23) On November 13, 2013, BMO via E&E appeared in the Court on its previously filed Motion for Relief from the Automatic Stay and Co-Debtor Stay. The Court granted the Motion as

to Ranka Ara but not the Debtor. See attached Exhibit H, a true and correct copy of the Order entered on November 13, 2013.

**ANSWER:** **Defendant admits that on November 13, 2013, Defendants appeared in the Court on its previously filed Motion for relief from the Automatic Stay and Co-Debtor Stay. Defendant states that the Order for Relief from the Automatic Stay and Co-Debtor Stay ordered the automatic stay with regard to Plaintiff and the co-debtor automatic stay with regard to Ranka Ara modified in favor of BMO Harris Bank, N.A. with regard to the subject property and permitted BMO Harris Bank, N.A. to take any action to foreclose on the property as allowed or permitted by law. Defendant denies any remaining allegations of paragraph 23 of Plaintiff's Complaint.**

24) On February 5, 2014, the Plaintiffs Chapter 13 Plan was Confirmed as well as an Order Modifying the October 23, 2013 Chapter 13 Plan was entered thus binding BMO to the treatment as set forth in the Confirmed Chapter 13 Plan. See attached Exhibit I, a true and correct copy of the Orders entered on February 5, 2014 confirming the Chapter 13 Plan and Modifying the Chapter 13 Plan filed on October 23, 2013.

**ANSWER:** **Defendant admits that on February 5, 2014, the Plaintiff's Chapter 13 Plan was confirmed. Defendant states that on February 5, 2014, the Order Modifying the October 23, 2013 Chapter 13 Plan ordered that the plan is modified to read as follows: "Debtor is surrendering the real property located at 6869 N. Lincoln Avenue, Lincolnwood, IL to BMO Harris Bank, N.A., in full satisfaction of its secured claim." Defendant denies any remaining allegations of paragraph 24 of Plaintiff's Complaint.**

25) On March 17, 2014, BMO filed a secured Proof of Claim in the total amount of $272,251.28 on account of its mortgage. See attached Exhibit J, a true and accurate copy of BMO's Proof of Claim filed with the Bankruptcy Court.

**ANSWER:** **Upon information and belief, Defendant admits the allegations of paragraph 25 of Plaintiff's Complaint.**

26) On August 1, 2014, E&E mailed Plaintiff via his State Court Attorney a Motion for Order Approving Report of Sale and Distribution and for Order of Possession. The Motion requested a personal deficiency judgment against Damir Ara in the amount of $190,224.05. See

attached Exhibit K, a true and accurate copy of the Motion sent by Defendant on behalf of BMO on August 1, 2014.

**ANSWER:** **Defendant admits the allegations of paragraph 26 of Plaintiff's Complaint.**

27) On November 7, 2014, E&E appeared on behalf of BMO in Cook County Circuit Court and entered an Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession (the "Order"). The Order entered an In Personam Deficiency Judgment against Damir Ara in the amount of $190,224.05. A Memorandum of Judgment was entered on November 7, 2014 as well. See attached Exhibit L, a true and accurate copy of the Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession and the Memorandum of Judgment.

**ANSWER:** **Defendant admits the allegations of paragraph 27 of Plaintiff's Complaint.**

28) On March 18, 2015, the Bankruptcy Court entered an Order of Discharge in Plaintiffs Chapter 13 Bankruptcy case. See Exhibit M attached hereto is a true and correct copy of the Bankruptcy Order of Discharge.

**ANSWER:** **Defendant states that the Bankruptcy Court entered an Order of Discharge in Plaintiff's Chapter 13 Bankruptcy case on March 19, 2015. Defendant denies any remaining allegations of paragraph 28 of Plaintiff's Complaint.**

29) At no point did BMO amend its proof of claim to seek a deficiency against Plaintiff.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the allegations in paragraph 29 of Plaintiff's Complaint.**

30) Concerned over these violations of his rights and protections afforded by the Chapter 13 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that BMO and E&Es' collection efforts cease.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the allegations in paragraph 30 of Plaintiff's Complaint.**

131128022v1 2920

31) Plaintiff suffered emotional distress and anxiety as a result of BMO and E&Es' actions.

**ANSWER:** **Defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.**

32) Plaintiff was unduly inconvenienced and harassed by BMO and E&Es' unlawful attempts to collect a debt that could not legally be collected as Plaintiff was protected by his Bankruptcy filing.

**ANSWER:** **Defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.**

33) Plaintiff's credit rating was affected by the entry of the Judgment.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information available to Defendant renders it unable to admit the truth or falsity of the allegations in paragraph 30 of Plaintiff's Complaint.**

### Count I: Defendant's Violations of The Fair Debt Collection Practices Act

34) Plaintiff repeats and reallege paragraphs 1 through 33 as though fully set forth herein.

**ANSWER:** **Defendant restates and realleges each of its responses to the preceding paragraphs as if fully restated and realleged herein.**

35) The filing of the bankruptcy case precluded BMO from proceeding in the Foreclosure case as BMO never modified the Automatic Stay as to Plaintiff. BMO was additionally precluded by the filing of the bankruptcy case from entering an In Personam Deficiency Judgment in the amount of $190,224.05 on November 7, 2014 against Plaintiff. See 11 U.S.C. §§362.

**ANSWER:** **Defendant denies the allegations of paragraph 35 of Plaintiff's Complaint.**

36) The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

**ANSWER:** **Defendant objects to the allegations of paragraph 36 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is**

131128022v1 2920

required. If a response is required, Defendant admits that the allegations in paragraph 36 of Plaintiff's Complaint purport to quote the FDCPA but denies that Plaintiff has any such claim herein. Defendant denies any remaining allegations of paragraph 36 of Plaintiff's Complaint.

37) E&E violated 15 U.S.C. §§1692 e(2), e(5), e(10), and (f)(1) through its debt collection efforts on behalf of BMO.

**ANSWER:** Defendant denies the allegations of paragraph 37 of Plaintiff's Complaint.

38) E&E violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debt in two ways: First, by proceeding in the Foreclosure case as BMO never modified the Automatic Stay as to Plaintiff; and/or Second, by entering a In Personam Deficiency Judgment in the amount of $190,224.05 on November 7, 2014 against Plaintiff as the debt was not owed pursuant to the Confirmed Chapter 13 Plan and Discharge.

**ANSWER:** Defendant denies the allegations of paragraph 38 of Plaintiff's Complaint.

39) E&E violated 15 U.S.C. §1692(e)(5) when it took legal action that cannot legally be taken by proceeding in the Foreclosure case in two ways: First, by proceeding in the Foreclosure case as BMO never modified the Automatic Stay as to Plaintiff; and/or Second, by entering a In Personam Deficiency Judgment in the amount of $190,224.05 on November 7, 2014 against Plaintiff as the debt was not owed pursuant to the Confirmed Chapter 13 Plan and Discharge.

**ANSWER:** Defendant denies the allegations of paragraph 39 of Plaintiff's Complaint.

40) E&E violated 15 U.S.C. §1692(e)(10) when it employed deceptive means proceeding in the Foreclosure case as BMO never modified the Automatic Stay as to Plaintiff and/or entered a In Personam Deficiency Judgment in the amount of $190,224.05 on November 7, 2014 contrary to the Automatic Stay in effect as a result of the Chapter 13 case and the Chapter 13 Confirmed Plan as the debt was not owed pursuant to the Confirmed Chapter 13 Plan and Discharge.

**ANSWER:** Defendant denies the allegations of paragraph 40 of Plaintiff's Complaint.

41) E&E violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not authorized by law to collect the subject debt proceeding in two ways: First, by proceeding in the Foreclosure case as BMO never modified the Automatic Stay as to Plaintiff; and/or 2) Second, by

entering a In Personam Deficiency Judgment in the amount of $190,224.05 on November 7, 2014 against Plaintiff as the debt was not owed pursuant to the Confirmed Chapter 13 Plan and Discharge.

**ANSWER:** **Defendant denies the allegations of paragraph 41 of Plaintiff's Complaint.**

42) As pled above, Plaintiff was harmed by E&E' s unfair and deceptive practices.

**ANSWER:** **Defendant denies the allegations of paragraph 42 of Plaintiff's Complaint.**

WHEREFORE, Defendant, EHRENBERG & EGAN, LLC, respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that this Court enter such further relief as is just, necessary and proper.

**Count II - Violation of Illinois Consumer Fraud Act (against BMO Harris Bank, N.A.)**

43) Ara restates and realleges paragraphs 1 through 33 as though fully set forth herein.

**ANSWER:** **Defendant restates and realleges each of its responses to the preceding paragraphs as if fully restated and realleged herein.**

44) Plaintiff meets the ICFA definition of "consumer." See 810 ILCS 505/1.

**ANSWER:** **Defendant objects to the allegations of paragraph 44 of Plaintiff's Complaint to the extent they call solely for legal conclusions to which no response is required. If a response is deemed necessary, Defendant states that upon reasonable inquiry, the information known and readily available to Defendant renders it unable to admit the truth or falsity as to whether Plaintiff is a "consumer" as defined under the ICFA because Defendant is without knowledge or information sufficient to form a belief as to purpose for which Plaintiff incurred the amount which it sought to collect.**

45) BMO violated 815 ILCS 505/2 by engaging in unfair and deceptive acts, and by using fraud, deception, and misrepresentation in their attempts to collect a debt through its agent E&E by entering a Judgment in violation of the Automatic Stay and subsequently the violating the Discharge Injunction.

**ANSWER:** Defendant objects to the allegations of paragraph 45 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 45 of Plaintiff's Complaint.

a. **Unfairness**

46) BMO's conduct in relation to Plaintiffs loan was willful, malicious, unfair, arbitrary, and designed to not allow Plaintiff to obtain the benefits of the Automatic Stay/Discharge Injunction.

**ANSWER:** Defendant objects to the allegations of paragraph 46 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 46 of Plaintiff's Complaint.

47) BMO's conduct offends public policy as it demonstrated an industry-wide practice of entering a Judgment in violation of the Automatic Stay/Discharge Injunction.

**ANSWER:** Defendant objects to the allegations of paragraph 47 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 47 of Plaintiff's Complaint.

48) BMO's actions are immoral because entering a In Personam Judgment Deficiency Judgment amounts to an undue hardship to the plaintiff and an equally undue profit for BMO.

**ANSWER:** Defendant objects to the allegations of paragraph 48 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 48 of Plaintiff's Complaint.

49) BMO's actions caused substantial injury to Plaintiff and to consumers generally, as Plaintiff and consumers reasonably expect the Automatic Stay/Discharge Injunction to protect to protect him from its purpose of ceasing collection activity to permit a fresh start.

**ANSWER:** Defendant objects to the allegations of paragraph 49 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 49 of Plaintiff's Complaint.

131128022v1 2920

a. **Deception**

50) BMO's following actions were deceptive: (i) attempting to collect upon and foreclose upon a debt that could not be collected; (ii) making material misrepresentations of fact regarding the status of the subject loan, the payment history, and the amounts actually owed in order to obtain the entry of the Deficiency Judgment and (iii) attempting to have Plaintiff pay an amount (the Deficiency Judgment) would could not be collected otherwise.

**ANSWER:** **Defendant objects to the allegations of paragraph 50 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 50 of Plaintiff's Complaint.**

b. **Misrepresentation**

51) In addition to the above conduct, BMO misrepresented the amounts due in the entry of the Deficiency Judgment as Plaintiffs Confirmed Chapter 13 Plan surrendered the subject property to BMO in full satisfaction of its secured claim.

**ANSWER:** **Defendant objects to the allegations of paragraph 51 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 51 of Plaintiff's Complaint.**

52) BMO's actions (entry of the Deficiency Judgment) were an attempt to collect an amount that could not be legally collected.

**ANSWER:** **Defendant objects to the allegations of paragraph 52 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 52 of Plaintiff's Complaint.**

53) BMO made material misrepresentations regarding the amounts due under the loan, amounts due in the entry of the Deficiency Judgment in violation of the Automatic Stay/Discharge Injunction.

**ANSWER:** **Defendant objects to the allegations of paragraph 53 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 53 of Plaintiff's Complaint.**

54) Due to the misrepresentations, Plaintiff has had a Judgment which shows in the Public Records and has caused him damages including but not limited to a decreased credit rating.

**ANSWER:** Defendant objects to the allegations of paragraph 54 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 54 of Plaintiff's Complaint.

55) The misrepresentations, deception, and unfair practices complained of occurred in the course of conduct involving trade or commerce. Plaintiff relied on the misrepresentations, deception, and unfair practices to his own detriment.

**ANSWER:** Defendant objects to the allegations of paragraph 55 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 55 of Plaintiff's Complaint.

56) Punitive damages are warranted because BMO's conduct was outrageous, willful, wanton, and showed reckless disregard for the rights of Plaintiff and consumers in general.

**ANSWER:** Defendant objects to the allegations of paragraph 56 of Plaintiff's Complaint to the extent they are not directed at E&E. If a response is deemed necessary, Defendant denies the allegations of paragraph 56 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Defendant states that any violation of the FDCPA which it denies occurred, was unintentional and incurred as a bona fide error in spite of procedures reasonably adapted to avoid such error, as Defendant has policies and procedures in place to ensure that it complies with all state laws applicable to bankruptcy and foreclosure matters.

2. Defendant states that Plaintiff failed to mitigate her damages, if any, because she failed to dismiss the In Personam Deficiency Judgment. Plaintiff was a party to state action in which the deficiency judgment was entered and was equally able to motion the court to dismiss the judgement as Defendant.

131128022v1 2920

WHEREFORE, Defendant, EHRENBERG & EGAN, LLC, respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that this Court enter such further relief as is just, necessary and proper.

> Respectfully submitted,
>
> HINSHAW & CULBERTSON LLP
>
> /s/ Lindsey A.L. Conley
> Lindsey A.L. Conley

David M. Schultz
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
lconley@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Ehrenberg & Egan, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint** by using the CM/ECF system, which will send notification of such filing(s) to:

Paul M. Bach
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Suite 150
Oak Brook, IL 60523
E-mail: paul.bach@sulaimanlaw.com

> /s/ Lindsey A.L. Conley